UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Angela Barnes**<br>**16781 Chagrin Blvd**<br>**Cleveland, OH 44120**<br><br>    **Plaintiff,**<br> v.<br><br>**Midland Credit Management, Inc.**<br>**8875 Aero Drive, Suite 200**<br>**San Diego, California 92123**<br><br>    **Defendant.** | **CASE NO.:** _____<br><br>**JUDGE**<br><br>**COMPLAINT**<br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

  For this Class Action Complaint, the Plaintiff, Angela Barnes, by undersigned counsel, pleading on her own behalf and on behalf of others similarly situated, states as follows:

**INTRODUCTION**

  1. Plaintiff, Angela Barnes ("Plaintiff"), brings this class action for damages arising from the unlawful, predatory debt collection practices engaged in by Defendant Midland Credit Management, Inc. LLC ("Defendant" or "Midland").

  2. Midland sent Plaintiff, and thousands of other individuals, misleading and deceptive letters to collect time-barred consumer debts, in flagrant violation of the FDCPA.

  3. Specifically, Midland's letters offered Plaintiff and other consumers across the country multiple-payment settlement offers to pay time-barred debts, but failed to disclose or warn consumers that by agreeing to the settlement offers, or by making a partial payment, they would be removing the statute of limitations bar on the debts and would effectively be granting Midland, or its client, the ability to sue to collect the debts.

4. The letters Midland sent to Plaintiff and the class were generated from the same template and aside from certain personal identifiers, are otherwise identical.

## JURISDICTION

5. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and their agents in their illegal efforts to collect a consumer debt. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Cleveland, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

8. Midland is a California business entity with an address of 8875 Aero Drive, Suite 200, San Diego, California 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO PLAINTIFF

9. Plaintiff incurred an alleged debt (the "Debt") to GE Capital Retail Bank (the "Original Creditor").

10. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. Thereafter, the Original Creditor sold the Debt to Midland or otherwise enlisted Midland to collect the Debt on its behalf.

A. <u>**Midland's Letter to Plaintiff**</u>

12. On June 5, 2019, Midland sent Plaintiff a letter in an attempt to collect the Debt (the "Letter").

13. The Debt Midland was attempting to collect was barred by Ohio's statute of limitations such that Plaintiff had no legal obligation to pay the Debt.

14. The Letter offered a number of different "discount" proposals, including proposals which would require Plaintiff to make six separate payments:



15. Further, the Letter set forth that "[b]ecause of the age of your debt, we will not you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."

16. The Letter did not advise Plaintiff that if she agreed to one of the settlement proposals, she would remove the statute of limitations bar preventing Midland from suing her to

collect the Debt.

### B. The Letter Misleads Consumers and is Deceptive

17. It is misleading for a debt collector to send a dunning letter offering a "discount" and touting the "Benefits of Paying!" when, in fact, it is offering an increase in the consumer's debt obligations. If the consumer accepts the "discount" in the form of a payment plan, they will, in fact, revive the debt and owe more money than before the purported offer was made.

18. Likewise, by advising Plaintiff that Midland "will not" sue her regarding the Debt "[b]ecause of the age of [the] debt," but failing to warn her that if she agreed to a partial payment then Midland could sue her for the entirety, Midland mislead Plaintiff regarding the legal status of the Debt.

19. As the Sixth Circuit Court of Appeals has explained, "an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment" however this is "[n]ot true" because "[s]ome payment is worse than no payment" given that a "partial payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the *full* debt." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015). "As a result, paying anything less than the settlement offer exposes a debtor to substantial new risk." *Id.* Because "[t]his point is almost assuredly not within the ken of most people, whether sophisticated, whether reasonably unsophisticated, or whether unreasonably unsophisticated . . . "[w]ithout disclosure, a well-meaning debtor could inadvertently dig herself into an even deeper hole." *Id.*

20. In this case, because the Letter failed to include such a notification or warning, it was deceptive and misleading. *See id.; Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 685 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 736, 199 L. Ed. 2d 604 (2018) ("we believe the

4

FDCPA prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand."); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

22. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

23. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## CLASS ACTION ALLEGATIONS

### A. The Class

24. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

25. Plaintiff represents, and is a member of the following class (the "Class"):

> **All natural persons residing in the United States to whom Midland mailed a letter, substantially similar to the Letter sent to Plaintiff, in an attempt to collect a debt, where the postcard was not returned as undeliverable.**

26. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

27. Defendant sent letters substantially similar to the Letter it sent Plaintiff, to thousands of consumers across the country. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

29. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant's practice of transmitting communications to consumers in the form of the Letter violates the FDCPA;

   b. Whether Defendant is liable for damages, and the amount of such damages; and

   c. Whether Defendant should be enjoined from such conduct in the future.

30. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant's transmission of the Letter to Plaintiff and numerous other consumers violated the FDCPA, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

31. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E.  Protecting the Interests of the Class Members**

32. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

**F.  Proceeding Via Class Action is Superior and Advisable**

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

34. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

35. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

36. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

37. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

38. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

41. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

42. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

43. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

44. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

45. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

46. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

2. Awarding reasonable attorney's fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692k(a)(3); and

3. Such other and further relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 27, 2019

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF