UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA BARNES, | ) | CASE NO. 1:19CV1483 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #8) of Defendant Midland Credit Management, Inc. to Compel Arbitration or, in the alternative, to Strike Class Allegations. For the following reasons, the Motion is denied.

## I. BACKGROUND

On June 27, 2019, Plaintiff Angela Barnes filed the instant Complaint on behalf of herself and all similarly situated consumers for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that Defendant Midland Credit Management, Inc. sent out misleading and deceptive letters in an attempt to collect time-barred consumer debts.

Defendant asserts that Plaintiff accepted and used a credit card issued by GE Capital

Retail Bank (now Synchrony Bank). The Credit Card Agreement contained a provision by which either party to the Agreement could elect arbitration as a binding, exclusive forum to address any claim or dispute relating to Plaintiff's account. The Agreement also contained class action waiver language.

Plaintiff allegedly opened the account on February 15, 2009. Plaintiff did not opt out of the arbitration provisions. Plaintiff made several purchases on the account and her last payment was made on June 22, 2012. GE Capital Retail sold and assigned Plaintiff's account to non-party Midland Funding, LLC. on December 26, 2013. Pursuant to the sale terms, Midland Funding purchased the Bank's receivables; and thus obtained all rights, title and interest in Plaintiff's account. Defendant Midland Credit Management is an affiliate of Midland Funding and managed the debts Midland Funding purchased. (Mulcahy Affidavit, ECF DKT #8-5).

Defendant moves to compel arbitration of Plaintiff's claims and argues that it has standing to enforce the arbitration provision as a non-signatory affiliated with a signatory to the Credit Card Agreement.

Plaintiff objects and contends that the Credit Card Agreement is only between Plaintiff and GE Money Bank, its affiliates, subsidiaries, successors and assigns. Therefore, Defendant, as Midland Funding's assignee, is without authority to enforce arbitration. Moreover, Plaintiff insists that her FDCPA claim is wholly independent of the Credit Card Agreement.

## II. LAW AND ANALYSIS

**The Federal Arbitration Act ("FAA") 9 U.S.C. §§ 1, *et seq*.**

The FAA provides that an arbitration clause in a "transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2003). The FAA further mandates that when the Court is "satisfied that the making of the agreement for arbitration ... is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (2003).

The FAA establishes a liberal policy favoring arbitration agreements and any doubts regarding arbitrability should be resolved in favor of arbitration over litigation. *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004); see *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). "A central purpose of the FAA is 'to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts.'" *In re Olshan Foundation Repair Company, LLC*, 328 S.W.3d 883, 891 (Tex.2010) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)).

The FAA requires courts to "rigorously enforce" arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Yet, arbitration clauses are subject to the same defenses or bars as other contract provisions. 9 U.S.C. § 4 (2003). The Court must ascertain whether the parties agreed to arbitrate the dispute at issue. See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). A party cannot be required to arbitrate any dispute if the party has not agreed to do so. *Steelworkers v. Warrior & Gulf Co.*, 363 U.S. 574, 582 (1960); *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005). The FAA does not confer an absolute right to compel arbitration, but only a right to obtain an

order directing that "arbitration proceed in the manner provided for in [the parties'] agreement." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 469 (1989). The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Gilmer*, 500 U.S. at 26.

In recent years, courts in the Sixth Circuit have dealt with situations in which a party to an arbitration agreement has sued a nonsignatory and where the nonsignatory has sought to compel arbitration of the claims asserted against it. *Arnold v. Arnold Corp.*, 920 F.2d 1269 (6th Cir. 1990); *Lehman v. Detray Investment Group*, No. 3:03 CV 7516, 2004 WL 1474651 (N.D.Ohio 2004); *Manos v. Vizar*, No. 96CA 2581-M, 1997 WL 416402 (Ohio App. 9 Dist. 1997); *Genaw v. Lieb*, 2005-Ohio-807 (Ohio App. 2 Dist. 2005). In these examples and others, the courts found that "nonsignatories may be bound to an arbitration agreement under ordinary contract and agency principles." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003). In addition, the language of the arbitration clauses evidenced the parties' intent to have a "single arbitral forum" to resolve disputes. *Arnold*, 920 F.2d at 1282; *Manos*, 1997 WL 416402 at *1. Moreover, it would contradict strong state and federal policies favoring arbitration to allow a plaintiff to avoid arbitration by suing nonsignatory agents in court. *Genaw*, 2005-Ohio-807 at ¶ 24.

In *Federated Dept. Stores, Inc. v. J.V.B. Industries, Inc.*, 894 F.2d 862, 870-71 (6th Cir. 1990), the appellate panel found that the signatory entity and the nonsignatory entity were more than principal and agent, they were alter egos. *Id.* They were closely interconnected, operated out of the same office and had no distinct assets, shareholders or

management. *Id*.

Here, the Court lacks sufficient allegations in the Complaint or statements in the Answer and Affirmative Defenses or averments in the affidavits Defendant submits in order to assess whether the nonsignatory to the Credit Card Agreement, Defendant Midland Credit Management, Inc., is in a position to enforce arbitration of Plaintiff's claims.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #8) of Defendant Midland Credit Management, Inc. to Compel Arbitration or, in the alternative, to Strike Class Allegations is denied.

**IT IS SO ORDERED.**

**DATE: February 24, 2020**

    **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**