UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA BARNES, | ) | CASE NO. 1:19CV1483 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #26) of Plaintiff Angela Barnes to Compel Discovery. For the following reasons, the Motion is granted.

**I. BACKGROUND**

On June 27, 2019, Plaintiff Angela Barnes filed the instant Complaint on behalf of herself and all similarly-situated consumers for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that Defendant Midland Credit Management, Inc. sent out misleading and deceptive letters in an attempt to collect time-barred consumer debts.

This putative class action is based on Defendant's June 5, 2019 form collection letter to Plaintiff (the "Letter"). Plaintiff alleges that Defendant's Letter sought to collect a debt

from Plaintiff after the statute of limitations to sue on that debt had already expired.  The Letter offered Plaintiff several different "discount" proposals, including proposals requiring that Plaintiff make multiple payments towards the debt.  Further, the Letter recited: "Because of the age of your debt, we will not sue you for it.  If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."  The Letter did not, however, advise Plaintiff that if she agreed to one of the settlement proposals, she would remove the statute of limitations bar preventing Defendant from suing her to collect the debt**.** Defendant allegedly sent nearly identical letters to members of the putative class.

On March 26, 2020, Plaintiff served Defendant with her First Set of Interrogatories and Request for the Production of Documents.  Interrogatory No. 14 asks Defendant to: "Set forth the number of persons in the United States to whom you sent the June 5, 2019 Letters during the Class Period" and Interrogatory No. 15 asks Defendant to: "Set forth the number of persons in each State to whom you sent the June 5, 2019 Letters during the Class Period." The Interrogatories further define "[t]he term 'June 5, 2019 Letters' [to] mean[ ] any written communication substantially and materially similar to the letter sent to Plaintiff dated June 5, 2019, reproduced in paragraphs 14 and 15 of Plaintiff's Complaint."

On May 15, 2020, Defendant responded to Interrogatories No. 14 and No. 15 as follows:

> Response to No. 14:  "Objection on the grounds that this request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks information that is confidential or proprietary without an adequate protective order, because the same seeks information protected by the attorney client and work product privileges, because the information sought is not proportional to the needs of the case, and the request seeks information not at issue in this case. Without waiving its objections, and in a good faith effort to provide responsive information, Midland would agree that the proposed class, as plead, would

satisfy the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure. Midland reserves all rights to object to the remaining elements necessary to certify a class under Rule 23."

Response to No. 15: "Objection on the grounds that this request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks information that is confidential or proprietary without an adequate protective order, because the same seeks information protected by the attorney client and work product
privileges, because the information sought is not proportional to the needs of the case, and the request seeks information not at issue in this case. Without waiving its objections, Midland refers Plaintiff to Midland's response to Interrogatory No. 14."

The parties met and conferred with regard to Defendant's objections. Defendant maintains its stipulation that the numerosity requirement of Fed.R.Civ.P. 23 is satisfied, but refuses to provide any further response. Defendant also bases its objection on the contention that Plaintiff will be unable to prevail on summary judgment and will be unsuccessful on a motion for class certification.

Plaintiff insists that the discovery request for the number of persons in the United States to whom Defendant sent the form letters, as well as a state-by-state breakdown of that figure, is relevant and sufficiently tailored in scope. Further, Plaintiff contends that this information – which only the Defendant can access – is highly relevant to Plaintiff's claims and forthcoming class certification motion.

Defendant opposes the Motion to Compel and asserts that the discovery is irrelevant and disproportionate to the needs of the case. In view of its stipulation regarding numerosity, requiring Defendant to engage in class discovery to provide the number of individuals is simply unnecessary and disproportionate. Defendant objects to Plaintiff's efforts to convince the Court to "prematurely treat this case as a class action and order Midland to engage in

expensive and cumbersome class discovery regarding a Rule 23 requirement that Midland has already stipulated it will not contest. The burden imposed by requiring Midland to do so clearly outweighs the potential benefit to Plaintiff."  (ECF DKT #27 at 4).

On August 26, 2020, the Court adopted the parties' agreed schedule (ECF DKT #24) for proceeding in this case:

> After meeting and conferring, the parties have determined it is most efficient for them to first have the Court address summary judgment issues before having the Court consider any request for class certification.  The parties have also agreed to have the Court decide the discovery dispute before proceeding with summary judgment briefing.

At this stage of the litigation, and in light of the fact that the Court will consider summary judgment prior to entertaining briefing on class certification, Defendant contends it is inappropriate to compel it to bear the undue burden and significant expense of conducting nationwide discovery.

## II. LAW AND ANALYSIS

**Federal Civil Procedure Rule 26**

 "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed.R.Civ.P. 26(b)(1).

It is well established that the scope of discovery is within the sound discretion of the trial court. *Pittman v. Experian Info. Sol., Inc*., 901 F.3d 619, 642 (6th Cir. 2018) (quoting

*Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).

While a plaintiff should "not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Burris v. Dodds*, 2:19CV815, 2019 WL 6251340, *2 (S.D. Ohio Nov. 22, 2019) (*citing Gruenbaum v. Werner Enter., Inc*., 270 F.R.D. 298, 302 (S.D. Ohio 2010)). Then, the onus shifts to the non-movant to show that to produce the information would be unduly burdensome. *Burris*, 2019 WL 6251340, *id*. (Citations omitted).

In analyzing the extent of the burden on the producing party, the Sixth Circuit has held that "limiting the scope of discovery is appropriate when compliance 'would prove unduly burdensome,' not merely expensive or time-consuming." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (emphasis in original).

The Court agrees with Plaintiff that the discovery requested in Interrogatories No. 14 and No. 15 is relevant not only to numerosity, but also to the superiority of a class action over individual lawsuits and to the ascertainability of class members. Furthermore, it is relevant to Plaintiff's allegations of widespread, repetitive FDCPA violations as well as to Defendant's

legitimate defenses.

A review of the docket reveals that a Stipulated Protective Order (ECF DKT #19) is in place, which serves to negate Defendant's attorney-client and work-product privilege concerns.

The discovery request is reasonably narrow. The challenged Interrogatories simply ask for the *number* of recipients of the described form letters sent out in the United States and the *number* of recipients of the described form letters broken down by State.

Although Defendant objects on the ground of vagueness, the term 'letter" is defined in the introduction to the Interrogatories as a form letter substantially similar to Plaintiff's June 5, 2019 letter. Reasonably, the term means a collection letter like Plaintiff's, containing the "time-barred disclaimer" but not the "partial payment disclaimer."

The Interrogatories are also limited temporally to the "Class Period." The "Class Period" is defined as the one-year period preceding the filing of the Complaint (June 27, 2019) to the present date.

Defendant maintains that the burden and expense of the discovery outweighs the likely benefit. Importantly, however, Defendant does not support this contention with any evidence. Defendant does not provide an estimate of the time or manpower needed nor the cost to retrieve the requested information. Defendant fails to explain the review and retrieval process or its possible scope. The Court recognizes that this may be a potentially burdensome process; however, the burden is not "undue" and does not outweigh Plaintiff's demonstrated need for the discovery to prove her claims.

### III. CONCLUSION

In light of the limited nature of Plaintiff's request, the potential relevance of the number of persons receiving Defendant's form collection letter, and Defendant's failure to show an "undue burden," the Court finds in favor of Plaintiff on her Motion to Compel. The Motion (ECF DKT #26) of Plaintiff Angela Barnes to Compel Discovery is granted. Defendant Midland Credit Management, Inc. shall respond to Plaintiff's Interrogatory No. 14 and Interrogatory No. 15 within 30 days of this Order.

**IT IS SO ORDERED.**

**DATE: November 17, 2020**

                                            s/Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**